UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GWENDOLYN REID, mother and next friend of J.R., a minor,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA, a municipal corporation, and PAUL VANCE, Chief Executive Officer, Superintendent, District of Columbia Public Schools,<br><br>　　　　　Defendants. | Civil Action No. 03-746 (RWR) |

ORDER

On December 15, 2003, the plaintiffs filed a motion for summary judgment [docket number 12] and, on February 13, 2004, the defendants filed a cross-motion for summary judgment [docket number 14].[1] After the completion of briefing on the cross-motions, the United States Court of Appeals for the District of Columbia issued opinions in *Branham v. The Government of the District of Columbia*, 427 F.3d 7 (D.C. Cir. 2005), and *Reid v. District of Columbia*, 401 F.3d 516 (D.C. Cir. 2005). On June 29, 2006, this court brought those decisions to the attention of the parties and scheduled a July 5, 2006 hearing on the cross-motions. At that hearing, the parties agreed that – in light of the *Branham* and *Reid* decisions – the plaintiffs' motion for summary judgment should be granted in part and denied in part and the defendants' motion for summary judgment should be denied. More particularly, the parties agreed that the

---

[1] On May 18, 2006, the cross-motions were transferred to the undersigned for decision. *See* Local Civil Rule 40.6(a).

decision of the hearing officer below should be vacated (except insofar as it held that the District of Columbia Public Schools denied a free appropriate public education to the student plaintiff for school years 1995-96, 1997-98, 1998-99, 1999-2000, and 2000-01) and the case remanded for prompt record development and decision on the compensatory education appropriate for the student plaintiff.  *See also* Joint Motion for Remand [docket number 24] (filed July 6, 2006). Accordingly, it is this 7th day of July, 2006 hereby:

ORDERED: that the plaintiffs' motion for summary judgment [docket number 12] is GRANTED IN PART and DENIED IN PART, as further specified below; and it is further

ORDERED: that the defendants' motion for summary judgment [docket number 14] is DENIED; and it is further

ORDERED: that the parties' joint motion for remand [docket number 24] is GRANTED; and it is further

ORDERED: that the February 4, 2003 decision of the hearing officer is VACATED except insofar as it held that the District of Columbia Public Schools denied a free appropriate public education to the student plaintiff for school years 1995-96, 1997-98, 1998-99, 1999-2000, and 2000-01; and it is further

ORDERED: that the case is REMANDED to <u>Sheila Hall, Executive Director of the Student Hearing Office of the District of Columbia Public Schools</u>, for the assignment of the case to an independent hearing officer, <u>within five days of the date of this Order</u>, for record development regarding the compensatory education appropriate for the student plaintiff and for decision on that record; and it is further

ORDERED: that the hearing officer shall, <u>on or before ninety days from the date of this</u>

Order, (1) hold a hearing (with ample advance notice to the parties) and (2) issue a determination based on the record, which record the parties shall develop on or before the date of the hearing; and it is further

ORDERED: that the determination by the hearing officer (and therefore also the record developed by the parties) shall conform to the principles set forth in the *Branham* and *Reid* cases cited above; more particularly, the hearing officer (1) shall consider the student plaintiff's "specific educational deficits resulting from his loss of [free appropriate public education]" for the five school years specified above and "the specific compensatory measures needed to best correct those deficits," *Reid*, 401 F.3d at 526, and (2) shall ensure that the "ultimate award" of compensatory education is "reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place," *id.* at 524; *see also id.* at 527 (student plaintiff entitled to "an informed and reasonable exercise of discretion regarding what services he needs to elevate him to the position he would have occupied absent the school district's failures"); and it is further

ORDERED: that this court shall retain jurisdiction over this case for all purposes, including any appeal from the hearing officer determination issued pursuant to this remand, provided that the parties shall advise the court of any final, uncontested determination of the matter and promptly file with the court a joint motion to dismiss.

/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE